# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CALVIN JAMES, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV419-062 |
| U.S. MARSHAL, | ) ) | |
| Respondent. | ) ) | |

## REPORT AND RECOMMENDATION

Calvin James filed a petition under 28 U.S.C. § 2254 to challenge a jury verdict in federal court, for which he has not yet been sentenced. *See United States v. Calvin James*, No. CR418-205. As an initial matter, § 2254 is not the proper vehicle through which he can challenge a *federal* conviction. James must proceed instead via 28 U.S.C. § 2255. The Court thus must reconstrue James' motion as a § 2255 motion to vacate his sentence. Normally, such reconstrual requires a *Castro* warning[1] that if he chooses to proceed with his motion, he will lose his ability to file any

---

[1] *See Castro v. United States*, 540 U.S. 375, 383 (2003) ("the district court must notify the pro se litigant that it intends to recharacterize the pleading [as a § 2255 motion], warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."); *Pena v. United States*, 2016 WL 6609223 at * 1 (S.D. Ga. Sept. 28, 2016).

successive petition on this same matter without first seeking permission to do so from the Eleventh Circuit. James, however, has not yet been sentenced. Any such motion would be necessarily denied without prejudice as premature, thus obviating the need for a *Castro* warning.[2]

A § 2255 motion cannot be filed until a direct appeal is first exhausted. *See* Liebman & Hertz, 2 Fed. Habeas Corpus Prac. & Proc. § 41.4a at 1197 ("The federal courts have essentially engrafted an exhaustion of appellate remedies requirement onto section 2255. . . ."); *United States v. Casaran-Rivas*, 311 F. App'x 269, 273 (11th Cir. 2009) (§ 2255 is "intended to afford strictly *post*-conviction relief.") (emphasis added) (*citing* 28 U.S.C. §§ 2255(a), (f)). Collateral relief and direct-appeal relief cannot be pursued simultaneously, however, as "the disposition of a direct appeal might render a habeas motion unnecessary." *Id.* (citing *United States v. Khory*, 901 F.2d 975, 975 (11th Cir. 1990) (absent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief)); *see also Kapral*

---

[2] Meaning, should movant decide to pursue collateral relief *after* sentencing and *after* resolution of his direct appeal, that subsequent § 2255 motion would not be a second or successive submission.

*v. United States*, 166 F.3d 565, 570 (3rd Cir. 1999) ("a collateral attack is generally inappropriate if the possibility of further direct review remains open."); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968) (a § 2255 motion "will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970) ("[e]xcept under most unusual circumstances, not here present, no defendant in a federal criminal prosecution is entitled to have a direct appeal and a § 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence.").[3]  "To this end, the record includes no reason to conclude that [James'] case presents extraordinary circumstances that render this reasoning inapplicable." *Casaran-Rivas*, 311 F. App'x at 273. A § 2255 motion here would be markedly premature.

Accordingly, Calvin James' § 2254 motion, reconstrued in the only way it can be as a § 2255 motion, should be **DISMISSED without**

---

[3]  Although a defendant theoretically can forego his direct appeal in favor of a § 2255 motion, *Sosa v. United States*, 550 F.2d 244, 246 (5th Cir. 1977), defendants are routinely instructed not to use § 2255 as a surrogate for a direct appeal. *See, e.g., McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir.1996) ("A § 2255 motion is 'neither a recapitulation of nor a substitute for a direct appeal'") (emphasis added) (quoting *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)).  Indeed, waiving direct appeal can bar issues in a § 2255 proceeding. *See, e.g., Mills v. U.S.*, 36 F.3d 1052, 1055-56 (11th Cir.1994), *cert. denied*, 514 U.S. 1112 (1995).

3

**prejudice** to refile when his case becomes final.  Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and

4

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>29th</u> day of March, 2019.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA